TOWNSHIP OF WATERFORD v. WILLSON.

1. TAXATION—COVERT ROAD TAXES—TOWNSHIP LIABLE ONLY FOR AMOUNT COLLECTED.

Where a county is assessed at large for percentage of cost of highway improvement under Covert act (1 Comp. Laws 1929, § 4314 *et seq.*), a township also assessed at large for a percentage of said cost is required to pay to the county treasurer only the amount collected by its treasurer, and not the full amount of the tax so spread (section 4341).

2. COUNTIES—TOWNSHIPS—TAXATION—ACCOUNTING    FOR    MONEY
   WITHHELD—COVERT ROAD TAXES.
      County treasurer has no right to withhold money in his hands
      belonging to a township on claim that township should account
      for full amount of tax spread therein each year to pay its
      percentage of cost of road improvement under Covert act,
      where the county was also assessed at large for percentage of
      said cost since township is liable only for amount collected, and
      not for full amount spread (1 Comp. Laws 1929, § 4341).

Appeal from Oakland; Gillespie (Glenn C.), J.
Submitted February 1, 1932. (Calendar No. 36,112.)
Decided April 4, 1932.

Mandamus by Township of Waterford against
A. W. Willson, Oakland county treasurer, to compel
payment of township funds withheld by him and
applied to payment of delinquent Covert road taxes.
Judgment for plaintiff. Defendant appeals. Af-
firmed.

*Donald C. Porritt* and *Clark J. Adams*, for plain-
tiff.

*George A. Cram*, for defendant.

SHARPE, J. The question here presented, as it
seems to me, is whether, under the provisions of
Act No. 59, Pub. Acts 1915, as amended, and as now
appearing in 1 Comp. Laws 1929, § 4314 *et seq.*
(popularly known as the Covert act), a township,
when assessed at large for a percentage of the cost
of a highway improvement, must make payment to
the county treasurer of the full amount of the tax
so spread, or only of the amount thereof collected
by its treasurer.

After determination by the county road commis-
sioners to construct or improve a public highway
under the provisions of the act, it is made the duty

of such commissioners to determine the limits of the special assessment district to be assessed for benefits and to apportion the percentage of the total cost of construction which the county at large, the township at large, and any city at large (if benefited thereby) shall be liable to pay therefor. 1 Comp. Laws 1929, §§ 4331, 4332.

After review of the rolls thus made and ascertainment of the cost by estimates or the letting of contracts for construction, the county road commissioners shall prepare a tax assessment roll for the collection of taxes for the first year thereafter, and shall certify the same to the township board, to the legislative body of the city, and to the board of supervisors, and it is the duty of the latter board to "order such taxes collected at the same time, and in the same manner as are county, State and township taxes," and it is made the duty of the several assessing officers to spread such taxes upon their respective rolls "in the same manner as other general taxes are spread." 1 Comp. Laws 1929, § 4337. The moneys collected by the treasurers "shall be paid over to the county treasurer, and placed to the credit of the special assessment district." 1 Comp. Laws 1929, § 4340.

Under section 4341 the county road commissioners may borrow the money to make the desired improvement and—

"pledge the faith and credit of the assessment district, the township or townships concerned, and of the county or counties at large, and of any city or cities which may be assessed at large, in proportion as each has been assessed for benefits for the payment of such money so borrowed, which may be evidenced by bonds or notes issued on behalf of such counties, townships, cities or special assessment dis-

tricts, by the county road commissioners. * * *
The county road commissioners * * * may pay
for the improvement in such bonds at par and .
accrued interest."

Then follows a provision which, it seems to me,
is determinative of the question presented:

"In case any tax shall be returned delinquent, or
shall not be paid when such bonds or notes become
due, *the same shall be paid by the county, if such
county is subject, under the provisions of this act,
to an assessment at large,* and otherwise by the
township, reimbursement therefor to be made in
either case out of the money thereafter to be col-
lected from such delinquent lands."

(The italics are mine.)   This is followed by a
proviso:

"That such advancement by the county shall not
cause the total debt of the county or the county tax
rate for highway purposes to exceed the constitu-
tional limitations placed thereon."

It is stipulated in this case that an assessment
to pay its percentage of the cost of the improvement
was spread upon the county at large.   That being
so, the statute is mandatory, in the language ital-
icized, that the county shall pay the indebtedness
secured by, not only its bonds, but the bonds of the
assessment district, the township, and the city if
it be assessed at large, and reimburse itself from the
money thereafter collected from the taxes spread
thereon and returned delinquent.   With the wisdom
or fairness of this provision we have no concern.   I
have intentionally omitted reference to the State
highway commissioner, as it does not appear that he
took any part in the proceedings had.

It follows from what has been said that the county treasurer had no right to withhold moneys in his hands belonging to the township on the claim made by him that the township should account to him for the full amount of the tax spread therein in each year to pay its percentage of the cost of such improvement, and the order directing a writ of mandamus to issue to compel such payment is affirmed. No costs should be allowed.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.